# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| Rivore Metals, LLC <br><br> Debtor. | Bankruptcy Case No. 19-53795 <br> Hon. Thomas J. Tucker <br> Chapter 11 |
| Rivore Metals, LLC <br><br> Plaintiff, <br> v. <br><br> Applied Partners, <br><br> Defendant. | Adversary Proceeding No. 20- <br> Hon. Thomas J. Tucker |

## COMPLAINT

NOW COMES Plaintiff Rivore Metals, LLC (the "<u>Debtor</u>" or "<u>Plaintiff</u>"), as debtor and debtor in possession, by and through its counsel, Stevenson & Bullock, P.L.C., and for its Complaint against Applied Partners (the "<u>Defendant</u>") states:

## JURISDICTION

1.  The court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This proceeding is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3.  This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. Venue of this proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

5. Defendant maintains its principal place of business in New York, New York, and who conducts business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. On September 27, 2019 (the "Petition Date") the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its businesses as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. Konstantinos C. Marselis is the responsible person for the Debtor.

8. No trustee or examiner has been appointed in this case.

9. An official committee of unsecured creditors was appointed on October 16, 2019.

10. Organized in 2012, the Debtor is a ferrous and nonferrous metals broker and processor. The Debtor processes and houses materials for smaller scrap yards as well as demo companies and industrial accounts to allow time for processing and appropriate packaging so that materials can be sent to a consumer in a customer-specific manner and schedule.

11. Before the Petition Date, Defendant did business with Debtor – namely, Defendant supplied metal to Debtor.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFER
## PURSUANT TO 11 U.S.C. § 547

12. Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

13. 11 U.S.C. § 547 of the Bankruptcy Code provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title

14. Within the 90-day period before the Petition Date, Debtor made or caused to be made transfers totaling $44,412.83 to Defendant (collectively, the "Transfers").

15. The Transfers were transfers of an interest in the Debtor's property.

16. The Transfers were to or for the benefit of the Defendant.

17. Defendant was a creditor of the Debtor on the date that the Transfers were made.

18. The Transfers were made for or on account of antecedent debt owed by the Debtor before the Transfers were made.

19. Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to have been, and was in fact, insolvent at the time the Transfers were made.

20. The Transfers enabled the Defendant to receive more than it would receive if (i) this case was a case under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

21. The Defendant was the initial transferee of the Transfers and was the entity/person for whose benefit the Transfers was made.

22. The Transfer is avoidable by the Trustee under 11 U.S.C. § 547(b) and recoverable from the Defendant under 11 U.S.C. § 550(a).

23. The Plaintiff is entitled to a judgment under 11 U.S.C. §§ 547(b), 550, and 551 avoiding and recovering the Transfer, or the value thereof, for the benefit of the bankruptcy estate.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against the Defendant under 11 U.S.C. § 544 and 547 for the avoidance of the

Transfers or a money judgment that is not less than the value of the Transfers, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT II – RECOVERY OF AVOIDABLE TRANSFER PURSUANT TO 11 U.S.C. § 550(a)

24. Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

25. Pursuant to Section 550(a) of the Bankruptcy Code, to the extent that a transfer is avoided under, *inter alia*, Sections 544, 547, or 548 of the Bankruptcy Code, the Plaintiff may seek to recover, for the benefit of the estate, the property transferred or the value of the property from the initial transferee of the transfer or the entity for whose benefit the transfer was made, or any immediate or mediate transferee of such initial transferee.

26. The Defendant is the initial transferee of the avoidable Transfers or the immediate or mediate transferee of such initial transferees or the persons for whose benefit the avoidable Transfers were made.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against the Defendant under 11 U.S.C. § 550(a) for the avoidance of the Transfers or a money judgment that is not less than the value of the Transfers, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT III – PRESERVATION OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 551

27. Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

28. Pursuant to Section 551 of the Bankruptcy Code, any transfer avoided under, *inter alia*, Sections 544, 547, or 548 is automatically preserved for the benefit of the estate.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against the Defendant under 11 U.S.C. § 551 for the avoidance of the Transfers or a money judgment that is not less than the value of the Transfers, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT IV – CLAIM DISALLOWANCE PURSUANT TO 11 U.S.C. § 502

29. Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

30. The Transfers set forth above are avoidable under, inter alia, 11 U.S.C. § 547.

31. The Defendant is the Transferee of the Transfers.

32. The Transfers are recoverable under 11 U.S.C. § 550.

33. The Defendant has not paid or surrendered the transfers.

34. Any present or future claims of the Defendant against the Debtor or the bankruptcy estate should be disallowed under 11 U.S.C. § 502(d).

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter a judgment in favor of the Plaintiff under 11 U.S.C. § 502(d) disallowing any present or future claims Defendant may have against the Plaintiff or the bankruptcy estate and grant the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

> Respectfully submitted,
> **STEVENSON & BULLOCK, P.L.C.**
>
> By: /s/ Ernest M. Hassan, III
> Charles D. Bullock (P55550)
> Elliot G. Crowder (P76137)
> Ernest M. Hassan, III (P67815)
> Counsel for Debtor
> 26100 American Drive, Suite 500
> Southfield, MI 48034
> Phone: (248) 354-7906
> Facsimile: (248) 354-7907
> Email: cbullock@sbplclaw.com
> Email: ecrowder@sbplclaw.com
> Email: ehassan@sbplclaw.com

Dated: February 11, 2020